United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Chabad Chayil, Inc., Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| The School Board of Miami-Dade County Florida and Miami-Dade County, Office of Inspector General, Defendants. | ) Civil Action No. 20-21084-Civ-Scola |

### Order Adopting Report and Recommendation to Deny Motion for Preliminary Injunction

Plaintiff Chabad Chayil, Inc., seeks a mandatory preliminary injunction against Defendant School Board of Miami-Dade County, Florida so that it can resume its after-school programming at two School Board facilities. (Pl.'s Am. Mot. for Inj., ECF No. 34.) The Court referred the motion to United States Magistrate Judge Edwin G. Torres for a report and recommendation. (Order, ECF No.36.) Judge Torres issued a report and recommendation, recommending that the Court deny Chabad's motion. (Rep. & Rec., ECF No. 62.) Chabad timely objected to the report, arguing Judge Torres misapprehended the facts, applied the wrong standard of proof, and failed to hold an evidentiary hearing. (Pl.'s Objs., ECF No. 66.) The School Board responded to Chabad's objections, countering that Chabad failed to carry its heavy burden of establishing its entitlement to a mandatory preliminary injunction. (Sch. Bd.'s Resp., ECF No. 70.) The Court has reviewed—de novo—the entirety of Judge Torres's report, the record, and the relevant legal authorities and **adopts** his recommendation and report in its entirety, **overruling** Chabad's objections (**ECF No. 66**), and, thus, **denying** Chabad's amended motion for a mandatory preliminary injunction (**ECF No. 34**).

The Court has also carefully reviewed Chabad's objections and finds them unavailing. Chabad's primary complaint is that Judge Torres erred by not holding an evidentiary hearing to determine contested factual issues central to the parties' disputes. But Chabad failed to raise this argument in either its motion or reply, before Judge Torres. The Court declines to consider Chabad's position here, when it was not presented to the magistrate judge in the first instance. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); *see also Borden v.*

*Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (parties must take before the magistrate judge "not only their best shot but all of their shots") (cleaned up). To allow Chabad to raise this argument for the first time now would eliminate any efficiencies gained by referring the motion to the magistrate judge in the first place.

Chabad's second objection is that Judge Torres erred when he concluded Chabad failed to meet its burden of establishing a substantial likelihood of success on the merits of its First Amendment claim. The Court has carefully reviewed Judge Torres's analysis and agrees with him that the evidence and conclusory allegations Chabad presented did not satisfy Chabad's high burden of clearly establishing that it has a substantial likelihood of success on the merits of that claim.

Lastly, Chabad complains Judge Torres incorrectly concluded that Chabad failed to establish any irreparable harm, as it must. Again, the Court has carefully reviewed Judge Torres's evaluation of Chabad's irreparable-harm argument and finds no error: Chabad did not demonstrate irreparable harm based on any ongoing violation of its constitutional rights; loss of goodwill or participants in its program; or loss of funding. As found by Judge Torres, Chabad did nothing more than proffer conclusory allegations of irreparable harm and speculative economic injuries. Further, to the extent Chabad raises new arguments, in its objections, regarding its alleged permanent and incalculable losses occasioned by its loss of access to School Board facilities, the Court declines to consider them for the same reasons it did not consider Chabad's arguments regarding an evidentiary hearing, as set forth above.

Accordingly, the Court **overrules** Chabad's objections (**ECF No. 66**), **adopts** Judge Torres's report and recommendation (**ECF No. 62**), and **denies** Chabad's motion for a mandatory preliminary injunction (**ECF No. 34**).

**Done and ordered** at Miami, Florida, on December 28, 2020.

_____
Robert N. Scola, Jr.
United States District Judge