UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21084-SCOLA/TORRES

CHABAD CHAYIL, INC.,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE COUNTY FLORIDA, and
MIAMI DADE COUNTY, FLORIDA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON MOTION FOR TAXABLE COSTS

This matter is before the Court on the School Board of Miami-Dade County Florida's ("Defendant") motion for taxable costs again Chabad Chayil, Inc. ("Plaintiff"). [D.E. 76, 77]. Plaintiff responded to Defendant's motion on March 12, 2021 [D.E.85] to which Defendant replied to on March 26, 2021 [D.E. 90]. Therefore, Defendant's motion is now ripe for disposition.[1] After careful consideration of the motion, response, reply, and the record, we **RECOMMEND** that the motion be **GRANTED in part** and **DENIED in part**.

---

[1] On February 24, 2021, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 80].

## I. BACKGROUND

Plaintiff, a not-for-profit corporation created to conduct Jewish outreach in northeast Miami-Dade County, brought a claim against Defendant under 42 U.S.C. § 1983 for alleged violations of its First Amendment rights to free exercise and free expression, and its Fourteenth Amendment rights to equal protection and due process. Plaintiff also asserted pendant state law claims for alleged violations of the Florida Constitution and the Florida Religious Freedom Restoration Act. These claims were based on Defendant's decision to deny Plaintiff's application to run an after-school program.

On January 22, 2021, the Court entered an Order granting Defendant's motion to dismiss Plaintiff's amended complaint with prejudice. [D.E. 74]. On January 27, 2021, the Court entered final judgment in favor of Defendant. [D.E 75]. On February 22, 2021, as the prevailing party in the litigation, Defendant timely filed this motion seeking an award of $946.36 in taxable costs. [D.E. 76]. The motion seeks taxable costs for service of subpoenas and copying expenses under 28 U.S.C. § 1920.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the

2

presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[2]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

Given the Court's dismissal of the case and the entry of final judgment against Plaintiff, there can be no dispute that Defendant is the prevailing party in this action

---

[2] The following costs are permitted under 28 U.S.C. § 1920:
(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

and entitled to recover taxable costs under section 1920. It is equally clear that the Court has subject matter jurisdiction over this case based on the underlying record and that Defendant conferred with Plaintiff under the Local Rules. As such, we need only consider whether Defendant's costs are recoverable under 28 U.S.C. § 1920.

Plaintiff first challenges Defendant's request for $606.36 in copying costs. We first note that Defendant has withdrawn its request of $102.68 for costs attributable to binders, tabs, and labels. This leaves a request for $503.68 related to making 2,089 pages of copies in black and white ($0.12 per page) and 319 pages of copies in color ($0.69 per page) for documents that Defendant claims were attached to its responses to Plaintiff's motions for preliminary injunction and its motions to dismiss. The invoice for these copies is dated April 13, 2020. Plaintiff correctly points out that Defendant's motion to dismiss was filed on May 22, 2020, well after Defendant was invoiced for making copies. We thus only consider the 1,025 pages of attachments to Defendant's response to Plaintiff's preliminary injunction that were filed around the time Defendant was invoiced. Defendant also provides no reason why color copies were needed. We do find that the copying costs for the 1,025 pages were reasonable in this case given the claims raised and the discovery disputes that ensued. Therefore, Defendant should be entitled to $123.00 (1,025 times $0.12) in taxable costs related to copying expenses.

Plaintiff next challenges Defendant's request for $340.00 in service of process costs. These costs include $110 for subpoenaing two offices at the Florida Department of Law Enforcement ("DLE"), $55 for subpoenaing the Florida Department of

4

Children and Families ("DCF"), $35 for subpoenaing The Children's Trust, and $140 for subpoenaing Neytz Hachochma ("Hachochma") at two addresses and two other related entities. Plaintiff argues the subpoenas to DLE and Hachochma were duplicative and the subpoena to DCF was futile.

Courts have repeatedly held that service of process costs are recoverable under 28 U.S.C. § 1920. *See EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000). The only caveat is that fees for service of a summons and subpoenas may only be taxed to the extent that they do not exceed the statutory fees authorized in section 1921.

Defendant has adequately shown why both offices at the DLE received subpoenas. One office had records for criminal background checks and Plaintiff suggested that the main office may have had other relevant records. Defendant has also shown why each entity related to Hachochma received a subpoena. In addition, Plaintiff provides no specific argument how the subpoena to DCF was futile nor any case law to support how this novel legal theory of futility blocks taxable costs. However, Defendant does not support why one entity of Hachochma received a subpoena at two different addresses, so Defendant's request should be reduced by $35.00. Because each subpoena does not exceed the statutory amount, Defendant should be entitled to $305.00 in subpoena costs.

Last, Plaintiff argues that interest should only be awarded from the date of this cost judgment, not the date of final judgment. This argument is without merit. *See, e.g., Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 804 (11th Cir. 2012) (awarding interest on taxable costs from the date of the final judgment).

We conclude that Defendant's motion for taxable costs should be **GRANTED in part** and **DENIED in part** with a total award of $428.00 in taxable costs, plus interest from the date of final judgment.

### IV.   CONCLUSION

For these reasons, we **RECOMMEND** that Defendant's motion for taxable costs [D.E. 76] be **GRANTED in part** and **DENIED in part** and that Defendant be awarded $428.00 in taxable costs, plus interest from the date of final judgment, January 27, 2021 [D.E. 75].

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 8th day of April, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge