UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-21084-SCOLA/TORRES

CHABAD CHAYIL, INC.,

    Plaintiff,

v.

THE SCHOOL BOARD OF MIAMI-DADE
COUNTY FLORIDA, and
MIAMI DADE COUNTY, FLORIDA,

    Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR FEES

This matter is before the Court on the School Board of Miami-Dade County Florida's ("Defendant") motion for attorney's fees against Chabad Chayil, Inc. ("Plaintiff"). [D.E. 88]. Plaintiff responded to Defendant's motion on April 19, 2021 [D.E. 94] to which Defendant replied to on April 30, 2021 [D.E. 98]. Therefore, Defendant's motion is now ripe for disposition.[1] After careful consideration of the motion, response, reply, and the record, we **RECOMMEND** that the motion be **DENIED**.

---

[1] On March 23, 2021, the Honorable Robert N. Scola, Jr. referred this motion to the undersigned Magistrate Judge for disposition. [D.E. 89].

## *I.     BACKGROUND*

Plaintiff, a not-for-profit corporation created to conduct Jewish outreach in northeast Miami-Dade County, sued Defendant and the Miami-Dade County, Office of Inspector General (the "OIG"). In its sixty-page amended complaint, Plaintiff lodged four claims against this Defendant: one claim, under 42 U.S.C. § 1983, for violating its free-expression rights under the U.S. Constitution, and three claims under Florida law. Defendant also included four claims against the combined Defendants: three claims under § 1983 for violating its free-exercise, equal protection, and procedural-due-process rights under the U.S. Constitution and one claim for violating its due-process rights under the Florida Constitution. The crux of these claims involves the claim that Defendants violated Plaintiff's procedural rights with respect to an OIG investigation and the resulting OIG's reports. Substantively Plaintiff claimed that it was wrongly denied access to Defendant's school facilities to run its afterschool program, called Community Hebrew Afterschool Program ("CHAP").

On January 22, 2021, the Court entered an Order granting Defendant's motion to dismiss the amended complaint because the Plaintiff failed to state a claim for any of the alleged violations. [D.E. 74]. On January 27, 2021, the Court entered final judgment in favor of Defendant., which is now on appeal to the Court of Appeals. [D.E 75]. On March 22, 2021, Defendant timely filed this motion seeking its attorney's fees as the prevailing party pursuant to 42 U.S.C. § 1988(b).

## II.     APPLICABLE PRINCIPLES AND ANALYSIS

Under 42 U.S.C. § 1988,[2] a "prevailing party" in a § 1983 case is entitled to an award of attorney's fees. *Hensley v. Eckerhart,* 461 U.S. 433 (1983); *see also O'Boyle v. Thrasher*, 647 F. App'x 994, 995 (11th Cir. 2016). Defendant is the prevailing party in this case because Judge Scola entered final judgment in favor of Defendant. [D.E. 74]. But to award fees under Section 1988 in favor of a prevailing defendant, the Supreme Court has also required that the action be deemed "frivolous, unreasonable, or without foundation, even though not brought in a subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 (1978). That stringent standard is not regularly satisfied and thus the accepted general rule is that prevailing defendants in section 1983 cases do not recover their attorneys' fees even when they prevail. Defendant, however, maintains that this case illustrates the exception to the general rule. So we will address in turn each element of the stringent standard that governs.

### A.     *The Case was Not Frivolous Enough to Award Fees*

### 1.     *Defendant Must Satisfy a Stringent Standard to Recover Fees*

In determining whether a claim is frivolous, "a district court must focus on the question whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."

---

[2]     Plaintiff's claims arise mostly under 42 U.S.C. §1983. The Court may award attorney's fees to the prevailing party in any action or proceeding that enforces §1983. *See* 42 U.S.C. § 1988 (2000).

*Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech University*, 656 F.2d 1137, 1145 (5th Cir. 1981)). "Determinations regarding frivolity are to be made on a case-by-case basis", and the Eleventh Circuit has outlined three factors to guide courts in deciding whether a claim is frivolous. *Sullivan*, F.2d at 1189. They are "1) whether the plaintiff established a prima facie case, 2) whether the defendant offered to settle, and 3) whether the trial court dismissed the case prior to trial or held a full blown trial on the merits." *Id*. Cases where findings of "frivolity" have been sustained in the defendant's favor are those in which the plaintiff did not introduce any evidence to support their claims. *Id*. Contrarily, "[a] claim is not frivolous when it is meritorious enough to receive careful attention and review.'" *O'Boyle*, 647 F. App'x at 995 (citing *Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991)). "These factors, however, are only general guidelines, and frivolity determinations must be made on a case-by-case basis." *Lawver v. Hillcrest Hospice, Inc.,* 300 F. App'x 768, 773-74 (11th Cir. 2008) (citing *Quintana v. Jenne,* 414 F.3d 1306, 1310 (11th Cir. 2005)).

This latter point deserves some attention. Many litigants in cases involving section 1988 fees in our circuit too often focus on the Eleventh Circuit's *Sullivan* factors as the end all and be all of the analysis. They are instead best considered as guideposts to the overall issue identified by the Supreme Court in *Christiansburg*, where the Court cautioned that a "stringent" standard would have to be imposed:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could

> discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

*Christiansburg,* 434 U.S. at 421-22.

This practical stringent standard must also be measured against the general rule that governs all litigation in the United States. "'Our basic point of reference' when considering the award of attorney's fees is the *bedrock principle* known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252-53 (2010) (citations omitted) (emphasis added). As a result, a mechanical and narrow-focused application of the *Sullivan* factors would run headlong against these basic fundamental principles that flow from long-running Supreme Court authority. A broader nuanced analysis is what is required, as the Eleventh Circuit pointed out in *Quintana* that affirmed in part and reversed in part an award of fees under *Christiansburg.* "The [*Sullivan*] factors are general guidelines only, not hard and fast rules. Determinations regarding frivolity are to be made on a case-by-case basis." 414 F.3d at 1309.

### 2. *The First* Sullivan *Factor is Satisfied*

Armed with this understanding of the law, we turn to the first *Sullivan* factor and consider whether Plaintiff satisfied its prima facie case in the action. Plaintiff concedes that it did not, given Judge Scola's Order dismissing the case, so that first hurdle is met. Plaintiff counters, however, that Defendant is not entitled to attorney's fees because its claims were well founded and reasonable, albeit eventually

unsuccessful at the district court level. We disagree in part because if they were so well-founded they should have survived an initial motion to dismiss. But Judge Scola found that a prima facie case could not be made as to any of the federal claims alleged in the amended complaint. So the first element of the *Christiansburg/Sullivan* standard has been satisfied because Plaintiff was not able to establish a prima facie case. While Plaintiff claimed in its amended complaint that Defendant violated its constitutional rights to the free exercise of religion, equal protection, procedural due process, and free expression, Judge Scola found that Plaintiff failed to state a claim for any of these alleged violations against Defendant. [D.E. 74].

To trigger liability under §1983 for municipal liability as Plaintiff sought to do, the "alleged unconstitutional action must implement or execute a policy statement, ordinance, regulation, or decision officially adopted and promulgated" by municipal officials who have final policymaking authority. *Id.*. Judge Scola ultimately found that Plaintiff failed to allege any facts showing that any of Defendant's identified officials had final and official policymaking authority that would render any of the acts Plaintiff maintains were unconstitutional as Defendant's official or final policies. *Id.*. For example, Plaintiff's allegation that Defendant was liable for the OIG's actions, because the OIG serves as Defendant's Inspector General, failed as a matter of law because the complaint did not include any facts showing that Defendant had actual final policymaking authority with respect to the OIG's actions and decisions Plaintiff complained about. Plaintiff also could not establish that the OIG's actions or decisions represented official or final policy on behalf of Defendant.

Put simply, Plaintiff failed to show any factual connection between the OIG's alleged unconstitutional actions and its alleged final policymaking authority for Defendant. In fact, Plaintiff failed to show factual evidence to support any of its municipal liability claims as Judge Scola found none of the officials Plaintiff accused in the record to be official policy decision makers for Defendant. It follows then that, where Plaintiff was unable to factually tie any of the alleged unconstitutional claims to an official with final policymaking power for Defendant, Plaintiff could not establish Defendant liability as a matter of law. Further, Judge Scola referred to Plaintiff's claims as speculative, unsupported, and conclusory. For these reasons, Judge Scola dismissed all of Plaintiff's claims against Defendant with prejudice.

Though we agree with Defendant that the first essential element for a frivolous action has been satisfied, we note again that there are mitigating circumstances here that counsel against an award of fees even though the first *Sullivan* factor was technically met. In one of its first cases applying the *Christiansburg* standard for prevailing defendant fees, the Supreme Court agreed that a plaintiff failed to meet his prima facie case but still found that fees were not warranted. In *Hughes v. Rowe,* 449 U.S. 5 (1980), the Court reversed an award of fees from the Seventh Circuit, explaining that "[e]ven those allegations that were properly dismissed for failure to state a claim deserved and received the careful consideration of both the District Court and the Court of Appeals. Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason alone, 'groundless' or 'without foundation' as required by *Christiansburg*." 449 U.S. at 15.

So was this Plaintiff's failure to meet its prima facie case so "groundless" as to justify fees? Probably not. As Judge Martinez recently explained in a case denying prevailing defendant fees and rejecting a Report and Recommendation to award fees, "though the Court ultimately determined that Plaintiffs' federal claims could not state a prima facie case for either substantive or procedural due process violations, the Court would be remiss not to acknowledge that this determination was made after careful consideration and review. . . . This litigation involved nuanced interpretations of Florida legislation, the School Board and teachers' union's collective bargaining agreement and ability to adopt various salary schedules, and the interplay between various state statutory procedures and federal constitutional law." *Alvarez v. Sch. Bd. of Miami-Dade Cty.,* 2021 WL 1099842, at *2 (S.D. Fla. Mar. 23, 2021). Taking the Supreme Court's cue that the failure to satisfy a prima case is not a mechanical trigger for fees, Judge Martinez concluded that "awarding fees to Defendant may discourage future plaintiffs from bringing objectively reasonable—though ultimately unsuccessful—suits of a similar nature, thereby thwarting congressional intent that § 1988 be a means to encourage vigorous enforcement of civil rights." *Id.*

Our review of the record on the motion to dismiss reveals a very similar posture. Defendant presented very compelling arguments why Plaintiff's claims were meritless on the face of the pleading. But the Court's dismissal Order demonstrates that the analysis required was far more than cursory and far more careful than a truly frivolous claim would require. And though the matter is now on appeal, the facts alleged in the complaint reveal a factual basis for Plaintiff's view that it was

being treated unfairly and in a discriminatory fashion. It was undisputed that Plaintiff was denied further access to school grounds for violating policies that it claimed it did not violate. Hence there were arguable facts in the record that demonstrated a valid reason to raise the constitutional stakes. Though these constitutional claims proved to be "undeniably weak" they were material and substantive enough to count against an award of fees even after the first *Sullivan* factor. *See also Evans v. St. Lucie Cty. Sch. Dist.,* 2019 WL 3997126, at *3 (S.D. Fla. Aug. 23, 2019) ("undeniably weak" discrimination claims did not render them groundless under *Christiansburg* even though complaint dismissed on lack of prima facie case) (Rosenberg, J.).

### 3. *The Second* Sullivan *Factor is Not Supported*

The second *Sullivan* factor deals with whether a defendant offered to settle. The relevance for this consideration is obvious; if a case was meritorious enough to warrant a defendant's settlement offer to end the litigation, then it could not be frivolousness enough to warrant fees. Or, in other words, a reasonable litigant would not offer to settle a plainly frivolous case. But the fact a settlement offer of some kind was extended does not automatically bar a defendant from receiving attorney's fees because the amount of the offer must be considered in determining whether the offer militates against a finding of frivolity. *Brannon v. Finkelstein*, 2011 WL 13113270, at *6 (S.D. Fla. Oct. 3, 2011) (recognizing that a settlement offer alone is not sufficient to bar attorney's fees and noting that the settlement amount must be considered). The Eleventh Circuit explained in *Quintana* that "the amount of the offer is a

necessary factor in evaluating whether a settlement offer militates against a determination of frivolity." 414 F.3d at 1310. And that decision affirmed an award of fees in part because the record was deficient as to the amount of an offer extended at mediation thereby minimizing the relevance of this second factor.

Though a court is certainly within its broad discretion to treat this factor as a neutral one when no evidence is presented in the record, we think that a reasonable jurist is equally within her discretion to look at this factor differently. The burden on a fee petition is with the movant. And that is especially true in any fee dispute because the general rule – the American Rule – governs if everything else is equal. So when a plaintiff raises the existence of a nebulous offer of settlement on a fee petition, the defendant has an equal responsibility, at least, to clarify the record and demonstrate that any offer of settlement should not count against it.

Here, Plaintiff alludes vaguely to its receipt of a post-judgment offer from Defendant with respect to the fee dispute, but we have no way of knowing whether the settlement offer was comprehensive enough or of a sufficient amount to support a determination that Plaintiff's claim was not frivolous. Specifically, Plaintiff only refers to Defendant's proposal of a "draft settlement that would fully resolve this case" but fails to divulge any pertinent information that would allow the Court to determine whether the settlement offer supports the notion that Plaintiff's claims had merit. [D.E. 94]. As a result, we cannot agree with Plaintiff that this vague settlement offer weighs squarely against an award of fees. At the same time, however, we note that Defendant has not directly challenged the existence of some settlement offer

regarding fees post-judgment. In *Sullivan* parlance, why would a defendant offer to settle a plainly frivolous case in any sum after winning a judgment before the district court? Defendant's silence on this score leads us to conclude that, to the extent Defendant had the burden to show that all *Sullivan* factors were satisfied, it too cannot do so given this state of the record. And contrary to Defendant's assertion, *Sullivan* does not provide for a hard rule that a settlement offer must be made pre-judgment to be considered. Again, this is consistent with *Sullivan* only laying guideposts for the Court to consider. What is more significant though is that maybe the offer being discussed may only have been about the amount of fees Plaintiff would be required to pay to Defendant. That type of offer is certainly less relevant for the second *Sullivan* factor analysis.

In any event, at best the record here is neutral with respect to the second *Sullivan* factor. But that does not help Defendant as it has the burden of ultimate persuasion in support of its motion. Clearly some settlement offer regarding fees was made, apparently, after the dismissal Order was entered, and that fact counts somewhat against Defendant's position here.

### 4. *The Third Sullivan Factor is Not in Dispute*

Lastly, the third factor—dismissal prior to trial—supports a finding of prevailing Defendant fees as the District Court entered final judgment dismissing Plaintiff's case during the pleading stage. Indeed, even after careful review, Judge Scola ultimately found Plaintiff's claims could not survive Rule 12(b)(6) review.

### *5.     Plaintiff's Weak Claims Are Not Totally Groundless*

In sum, the relevant *Sullivan* factors and facts of this case weigh only slightly in Defendant's favor.  That is not compelling enough, however, for the Court to find for Defendant on the ultimate issue: whether the meritless claims here were groundless and unreasonable enough to warrant an award of fees.  The case is a close enough call, given our review of Judge Scola's dismissal Order, that makes an award of fees impossible under *Christiansburg*.  There were serious enough factual allegations and understandable constitutional questions raised in the case to warrant a finding that, even if minimally frivolous, fees should not be awarded under section 1988.  The motion should thus be Denied on this basis.

### B.     <u>Amount of Fees if Ultimately Awarded</u>

As we have found that entitlement to fees has not been shown, and we thus recommend denying the motion on that basis, the amount of fees can be rendered moot.  But we will address the calculation of an amount in the event that any party successfully objects to the Court's entitlement analysis.  In determining an appropriate fee award, we typically employ the lodestar method.  *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence.  We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee").

The lodestar method requires a court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended.  *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *see also*

*Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). When awarding fees using the lodestar method, a court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Norman v. Hous. Auth. of Cty. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988) (citation omitted).

Before the District Court adjudicates this issue, however, both parties must have engaged in good faith efforts to resolve the dispute as prescribed in Local Rule 7.3. Local Rule 7.3(b) provides a detailed and clear mechanism to assist parties in resolving attorney's fees and costs disputes by agreement prior to submitting the dispute to the District Court for adjudication. S.D. Fla. L.R. 7.3(b). Further, the motion for fees must certify that a good faith effort to resolve issues by agreement occurred pursuant to Local Rule 7.3(b), describing what was and was not resolved by agreement and addressing separately the issues of entitlement to fees and amount. S.D. Fla. L.R. 7.3(a)(8). It is important to note that Local Rule 7.3's requirements are not optional, but mandatory. *Norych v. Admiral Ins. Co.*, No. 08–60330–Civ–Altonaga, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010).

Here, the record shows that Defendant complied with all Local Rule 7.3's requirements and conferred with Plaintiff twice by phone to resolve the dispute without the Court's assistance. According to Defendant's Local Rule Certification, while Plaintiff remained firm in opposing Defendant's claim of fee entitlement, it ultimately agreed that the amount Defendant requested in its motion ($77,441.90)

was a reasonable amount for the Court to award should it find that Defendant is entitled to fees.

But Plaintiff is now trying to evade its commitment to pay the fees it did not object to during the conferral because Defendant allegedly failed to meet its burden of showing entitlement by not submitting its invoices to the Court. Without this documentation, Plaintiff argues, the Court is unable to determine which fees are solely attributable to frivolous claims as required under *Fox*. *See Fox v. Vice*, 563 U.S. 826, 836 (2011). We reject this argument. Plaintiff cannot rely on this bait-and-switch tactic. Regardless of the frivolity of Plaintiff's claims, the Supreme Court in *Fox* asserted that a court can award fees for both frivolous and non-frivolous claims, even if only the frivolous claim can legally result in a damages award. *Id.* This situation arises when the attorney performs work useful to defending against both claims but did so only because of the defendant's monetary exposure on the frivolous charge. *Id.*

Here, because Plaintiff cannot receive an award of damages for its state law claims and Defendant's fees would not have accrued but for the frivolous claims, Defendant is entitled to attorney's fees for its work defending against all of Plaintiff's claims. *Id.* at 829 (holding that a court may grant reasonable fees to the defendant in this circumstance, but only for costs that the defendant would not have incurred but for the frivolous claims). Further, Local Rule 7.3 forecloses any issues Plaintiff has with the calculation of fees. As stated above, a Local Rule 7.3 conferral is mandatory and serves the purpose of resolving fee disputes between parties without

court intervention. Local Rule 7.3(b) also requires the non-movant to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount and shall provide supporting legal authority." S.D. Fla. L.R. 7.3(b). Plaintiff therefore had an obligation to object to any fees during its conferral with Defendant. Indeed, Plaintiff knew of this obligation during the conferral as it successfully identified 50-time entries within Defendant's detailed invoices to which it objected with supporting legal authority. Moreover, Plaintiff knew that Defendant was going to move for all of these fees in connection to arguing that Plaintiff's §1983 claim was frivolous. Thus, per Local Rule 7.3, the conferral was the proper time to object to any fee that it considered to be unrelated to Defendant defending the §1983 claim. Plaintiff cannot sidestep this Rule's requirements and effectively blindside Defendant by asserting objections in its response to Defendant's motion. This runs counter to Local Rule 7.3 and constitutes grounds for deeming Plaintiff's objections to Defendant's fees waived. *See Club Madonna, Inc. v. City of Miami Beach*, 2015 WL 5559894 (S.D. Fla. Sept. 22, 2015) (finding that a plaintiff's failure to comply with Local Rule 7.3 was grounds for granting a city's requested amount of fees).

Similarly, for the Court to conduct a lodestar analysis, establish a different fee than that to which both parties agreed during their mandatory conferral, and impose this new fee on both parties would effectively undermine the substance and purpose of Local Rule 7.3. This would also eliminate each party's power to decide and reach agreement on an amount that best serves their individual interests.

Because both parties in the instant case reached an agreement regarding a reasonable fee amount and section 1988 allows a defendant to recover reasonable attorney's fees incurred while defending frivolous claims, Defendant would be entitled to recover its requested amount of $77,441.90—accounting for the date it began incurring outside counsel fees in defense of Plaintiff's claims up until the present. But this of course assumes that Defendant is entitled to any fees at all. We recommend that the motion still be Denied, but if that finding is not adopted then the amount of fees assessed should be $77,441.90.

### III.    CONCLUSION

For the foregoing reasons, Defendant's motion for attorney's fees against Plaintiff [D.E. 88] should be **DENIED.** Had fees been recoverable, however, the amount of reasonable fees to award in the case would be $77,144.90.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Comm'r of Soc. Sec.,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND SUBMITTED** in Chambers at Miami, Florida this 18th day of August, 2021.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge