United States District Court
for the
Southern District of Florida

Chabad Chayil, Inc., Plaintiff,      )
                                     )
v.                                   )
                                     )
The School Board of Miami-Dade       )    Civil Action No. 20-21084-Civ-Scola
County Florida and Miami -Dade       )
County, Office of Inspector General, )
Defendants.                          )

**Order Adopting Report and Recommendation**
**Denying Attorney's Fees**

Upon referral, United States Magistrate Judge Edwin G. Torres recommends (Rep. & Rec., ECF No. 104) that the Court deny the Defendant School Board of Miami-Dade County's motion for attorney's fees (Def.'s Mot., ECF No. 88). Both parties have filed objections (Pl.'s Objs., ECF No. 107; Def.'s Objs., ECF No. 108). The School Board complains Judge Torres erred in (1) his analysis of whether the School Board made a settlement offer and (2) in relying on inapplicable precedent. (Def.'s Objs. at 7–10.) Plaintiff Chabad Chayil, Inc., on the other hand, sets forth objections that it says the Court need only address, contingently, "if it agrees with [the School Board's] objection." (Pl.'s Objs. at 1.) Because the Court ultimately agrees with Judge Torres, that the School Board's motion should be denied, it declines to address Chabad Chayil's objections. Having engaged in a de novo review of the entirety of Judge Torres's report and recommendations, the parties' briefing, the record in this case, and the relevant legal authorities, the Court agrees with Judge Torres's conclusions and finds there are indeed circumstances here that justify denying the School Board's request for fees. Accordingly, the Court **affirms and adopts** Judge Torres's recommendation (**ECF No. 104**) and, therefore, **denies** the School Board's motion (**ECF No. 88**).

"Ordinarily," under 42 U.S.C. § 1988, "a prevailing plaintiff is to be awarded attorney's fees in all but special circumstances." *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (cleaned up). "By contrast, a more stringent standard applies to prevailing defendants who may be awarded attorney's fees only when a court finds that the plaintiff's claim was 'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Id.* (quoting *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978)). Among the factors courts consider, in determining whether a claim was "frivolous, unreasonable, or without foundation," are "1)

did plaintiff establish a prima facie case; 2) whether defendant offered to settle; and 3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Head*, 62 F.3d at 356. These factors, however, are not rigid guideposts, meant to be applied mechanically; instead, they are simply a general framework, helpful in assisting courts as they evaluate frivolity on a flexible case-by-case basis. *Sullivan v. Sch. Bd. of Pinellas County*, 773 F.2d 1182, 1189 (11th Cir. 1985).

In assessing the second factor—whether the School Board offered to settle—Judge Torres notes, in his report, that the School Board did not dispute Chabad Chayil's charge that there was some sort of settlement offer from the School Board, involving its fees claim, after the Court dismissed the complaint with prejudice. (Rep. & Rec. at 10–11.) As Chabad Chayil presented it, in briefing the fees motion, the School Board offered to fully resolve this case, post judgment, including Chabad Chayil's pending appeal, the School Board's attorney's fees motion, and mutual releases. (Pl.'s Resp., ECF No. 94, 5.) In reply, the School Board did not deny that it had made such an offer; rather, it simply insisted that any efforts to resolve a case *after* dismissal are of zero consequence to a determination of a prevailing defendant's motion for fees. (Def.'s Reply, ECF No. 98, 4.) Disagreeing with the School Board, Judge Torres found, based on the briefing and the record, that the settlement factor here is, at best for the School Board, neutral. (Rep. & Rec. at 11.)

In its objections, the School Board asserts it was error for Judge Torres to consider the School Board's post-judgment settlement offer. (Def.'s Objs. at 7–8.) To that end, the School Board continues to insist that any efforts on behalf of a defendant "to resolve an action *after* dismissal with prejudice are of no consequence to a determination for attorney's fees." (*Id.* at 7.) In support of this proposition, the School Board relies on three cases, none of which compel the result the School Board urges. The principal case the School Board relies on is *Sullivan*, where the Eleventh Circuit merely lists "whether the defendant offered to settle" as a factor relevant to a court's § 1988 analysis. 773 F.2d at 1189. But *Sullivan* says absolutely nothing about disregarding a settlement offer altogether, depending on when it is presented. *Sullivan*, therefore, offers no support for the School Board's position.

The other two cases the School Board proffers are cases from other district-level courts in Florida. The Court finds neither one persuasive. In each case the court found a defendant's offer to settle, during court-ordered mediation, not relevant to *Sullivan's* settlement factor. *Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305, 1310 (M.D. Fla. 2002) (noting that the defendants offered to waive, during a settlement conference with the magistrate judge, about $400,000 in potential attorney's fees in exchange for the plaintiffs'

abandoning their claims); *Turner v. Inzer*, 4:11-CV-567-RS-WCS, 2013 WL 4648319, at *2 (N.D. Fla. Aug. 29, 2013) ("Offering to settle a case as part of court-ordered mediation does not weigh against an award of fees because the parties are expected to participate in the mediation in good faith."). Here, in contrast, the School Board's settlement offer was not prompted by any Court-orchestrated mediation efforts. Instead, it appears the offer was a spontaneous proffer to resolve the parties' remaining disputes and, without any rebuttal from the School Board, the offer indicates at least some concern about Chabad Chayil's chances on appeal and the School Board's ability to prevail on its fees motion.

Further, the Court is not persuaded by the School Board's argument that such a finding improperly penalizes the School Board for trying to resolve what remains of this case. Indeed, this finding no more discourages settlements than does the second *Sullivan* factor itself. Under *Sullivan*, any offer from a defendant to settle a case could potentially weigh against awarding fees. And, to be sure, courts have not hesitated to find, without undermining the well-established policy of encouraging settlements, that a "non-nominal settlement offer" tends to "strongly impl[y]" that a plaintiff may have "had a legitimate, rather than frivolous, claim." *Turner*, 2013 WL 4648319, at *2. Ultimately, upon a de novo review, the Court agrees with Judge Torres that the settlement offer described by Chabad Chayil, and not disputed by the School Board, tends to, at least, balance out the absence of a settlement offer prior to judgment.

The Court also finds that the School Board's second allegation of error misses the mark. The School Board criticizes what it describes as Judge Torres's reliance on "inapplicable precedent." (Def.'s Objs. at 8.) In his report, Judge Torres looked to language from another case in this district where the Court there recognized that the mere failure to state a prima facie case should not mechanically result in awarding to fees to a prevailing defendant. *Alvarez v. Sch. Bd. of Miami-Dade County*, 17-22556-CIV, 2021 WL 1099842, at *3 (S.D. Fla. Mar. 23, 2021) (Martinez, J.) (recognizing, in declining to award fees to the prevailing defendants, that "although [p]laintiffs' § 1983 claims did not merit relief, they nonetheless received the [c]ourt's careful attention and thus were neither groundless nor without foundation"). While the Court agrees with the School Board that there are certainly notable facts distinguishing that case from this one—there often are—those differences do not detract from the sentiment that Judge Torres found compelling: the mere lack of a plaintiff's success does not inexorably translate into a finding of unreasonableness. *See Alvarez*, 2021 WL 1099842 at *3 (noting that "[a]warding fees to [d]efendant may discourage future plaintiffs from bringing objectively reasonable—though ultimately unsuccessful—suits of a similar nature, thereby thwarting

congressional intent that § 1988 be a means to encourage vigorous enforcement of civil rights"); *see also Evans v. St. Lucie County Sch. Dist.*, 2:17-CV-14450, 2019 WL 3997126, at *3 (S.D. Fla. Aug. 23, 2019) (Rosenberg, J.) (finding that even claims that were "undeniably weak" did not incontrovertibly render them "groundless or without foundation"). After a de novo review, the Court agrees with Judge Torres that, although a rather close call, the Plaintiff's failures in this case do not ultimately amount to a justification for awarding fees. Indeed, although Chabad Chayil's pleading may have been inartful, the Court's consideration of the School Board's motion to dismiss and the ensuing briefing was far from cursory and merited more careful review than a truly frivolous claim would have warranted.

Ultimately, the Court has reviewed the entirety of Judge Torres's report and recommendations on a de novo basis and agrees with his findings and conclusions, finding them cogent and compelling. The Court, therefore, **overrules** the School Board's objections (**ECF No. 108**), as set forth above; **overrules** Chabad Chayil's objections **as moot** (**ECF No. 107**); **affirms and adopts** the report and recommendation (**ECF No. 104**) in full; and, thus, consistent with Judge Torres's recommendations, **denies** the School Board's motion for fees (**ECF No. 88**).

**Done and ordered**, at Miami, Florida, on January 5, 2022.

_____
Robert N. Scola, Jr.
United States District Judge